IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01149-BNB

RAOUL S. LANIUS,

     Plaintiff,

v.

ARAPAHOE COUNTY DHS-CSE UNIT,
DENVER COUNTY COURT, CO., and
CO JEFFERSON COUNTY DISCT. COURT 1ST JD,

     Defendants.

---

### ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Raoul S. Lanius, initiated this action by filing *pro se* a Complaint (ECF No. 1).  The court must construe the Complaint liberally because Mr. Lanius is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Lanius will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Complaint and finds that the Complaint is deficient. For one thing, Mr. Lanius fails to provide an address for any of the Defendants.  Mr. Lanius is advised that he must provide an address for each Defendant so that Defendants can be properly served.

The Court also finds that the Complaint is deficient because the Complaint does

not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice

of the basis for the claims against them so that they may respond and to allow the court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See*

*Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8

are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN,*

*Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain

statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief

sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that

"[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Lanius fails to provide a short and plain statement of the grounds for the

court's jurisdiction.  In other words, Mr. Lanius fails to identify the statutory authority that

allows the court to consider the claims he is asserting in this action.

> Federal courts are courts of limited jurisdiction.  They
> possess only that power authorized by Constitution and
> statute, which is not to be expanded by judicial decree.  It is
> to be presumed that a cause lies outside this limited
> jurisdiction, and the burden of establishing the contrary rests
> upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

Mr. Lanius also fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Mr. Lanius makes vague and confusing allegations in the Complaint regarding his ex-wife, his children, visitation rights, and related state court proceedings.  However, Mr. Lanius fails to identify the claims he intends to assert against the named Defendants and he fails to allege specific facts that demonstrate the named Defendants have violated his rights in any way.

Therefore, Mr. Lanius will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action. Mr. Lanius is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Lanius file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that Mr. Lanius shall obtain the appropriate court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Lanius fails within the time allowed to file an

amended complaint that complies with this order to the court's satisfaction, the action

will be dismissed without further notice.

DATED May 4, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge